NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Plaintiff, *v.* EMANUEL M. KAPLAN and Others, Defendants.

EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, as Added Defendants.

Supreme Court, New York County, March 16, 1940.

*Baldwin, Todd & Young* [*Samuel M. Lane* of counsel], for the plaintiff.

*Louis Saritsky,* for the original defendants.

*James D. Ewing,* for the defendant Equitable Life Assurance Society of the United States.

HARRIS, J.   In this action the plaintiff seeks judgment declaring null and void provisions for double indemnity in case of death by

accident and for waiver of premiums during total and permanent disability contained in a policy of life insurance issued by the plaintiff to the defendant Emanuel M. Kaplan. The original parties defendants, other than Emanuel M. Kaplan, are beneficiaries under such policy. The policy was dated the 20th day of October, 1931, and there is no dispute that the policy itself, as distinguished from the provisions for double indemnity and waiver of premiums, was written and delivered by reason of an application dated October 14, 1931, which application is attached to and made a part of the policy. In such application for the main policy the defendant Emanuel M. Kaplan made certain representations as to his health which representations the plaintiff claims to be material to the risk and to be false and untrue. The plaintiff claims that on being advised of the falsity of the representations in the application it elected to, and did, rescind the provisions as to double indemnity and waiver of premium.

The defendants oppose the prayer for judgment of the plaintiff on the ground that the provisions for double indemnity and waiver of premium were issued by the plaintiff and delivered to the defendant Emanuel M. Kaplan on an application that is not attached to the policy.

The facts concerning the issuance of the policy and the additional features, briefly stated, are as follows:

The defendant Emanuel M. Kaplan applied to a general agent of the plaintiff for life insurance to contain disability income. Such application was oral. The agent wrote to the plaintiff as follows:

" The application goes off without features, but Dr. Kaplan would like to have them if they can be granted to him. * * *

" I did my very best to sell the insurance without the disability income, but I must confess that I was unsuccessful."

Following such letter of the general agent to the plaintiff, the plaintiff forwarded to the general agent the policy in suit to which had been annexed the application, in which application there was no reference, at the time it was signed by the defendant Emanuel M. Kaplan, to the additional features. In making up the policy, before it was forwarded to the defendant Emanuel M. Kaplan, the plaintiff stamped on a portion of the application which portion, as shown by the application, was to be filled out not by the defendant-insured, but only by the plaintiff (company), the following words: " Disability Waiver and Double Indemnity Only." The policy was then forwarded by the plaintiff to the general agent, together with a separate form, with instructions on the part of the plaintiff to such general agent to have the applicant execute the same, which separate form read as follows: " I hereby accept and ratify the

following change made in my Application for Insurance dated October 14, 1931. 14. Form of Insurance — Ordinary Life, Disability Waiver and Double Indemnity." On presentation of the policy and this separate form to the defendant Emanuel M. Kaplan, he signed the form, returned it to the general agent and accepted the policy. Neither this separate form, nor copy thereof, was attached to the policy. The defendant Emanuel M. Kaplan now argues that such separate form is the only written evidence of the application for the additional features and should have been attached to the policy, and so long as it is not attached to the policy the additional features of double indemnity and waiver of premium may not be attacked on account of the contents with reference to representations of health contained in the original application for insurance, which original application was attached to the policy in question. In other words, the defendant Emanuel Kaplan claims that there were two separate applications, one for life insurance, and the other for the additional features. The plaintiff claims otherwise, *first*, on account of the letter of the general agent to the home office, and *second*, on account of the fact that the policy contained this provision: " That acceptance of the Policy shall constitute ratification of any and all changes noted by the Company under ' Additions and Amendments.' " Such additions and amendments being those to which reference is made above as being marked in a place reserved for the marking of the company and not to be marked by the applicant.

For many years the courts have been confronted with the question of representations made by applicants for insurance and the effect of misrepresentations on the validity of the policies. A most serious question involved in these decisions was whether or not all misrepresentations could be made the bases of avoidance of policy obligations. As a result of this litigation and the application of previous statutes, at the time of the issuance of the policy in question, and the additional features thereon, there was in effect in section 58 of the Insurance Law of the State, a provision which, so far as it applies to the policy in question, reads as follows: " Every policy of insurance issued or delivered within the State * * * by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; * * *. Any waiver of the provisions of this section shall be void." With the provisions of this statute and the policy and additional features before me, I am of the opinion that the additional features (double indemnity and waiver of premium) were separate contracts which were

issued on the oral request of the insured and upon the separate form, to which reference is made above, which the insured signed at the time of the delivery of the policy to him, and not on the original application; in failing to attach to the policy itself either the separate form, or a copy thereof, the plaintiff put itself in such a position that it may not take advantage in this action of the representations made in the original application as to the health of the insured whether or not such representations were false. I am of this opinion because it is evident that section 58 of the Insurance Law was enacted to meet situations similar to the one involved in this litigation, and with this statute before it the plaintiff should have realized that, if it desired to take advantage of misrepresentations in the original form, it should have included with the policy a copy of the later separate form.

There was litigated in this action the question of the truth or falsity of the representations made on the original application as to the health of the insured and as to whether he had previously waived the introduction by the plaintiff of testimony of physicians who had treated him, which testimony apparently gave the lie to his representations as to his health. In view of my conclusion that the failure to attach the separate form to the policy resulted in the plaintiff not being able to rely on the representations in the original application to void the additional features, it is not necessary for me to pass on the question of the truth of the representations or on the question of waiver of privilege.

The original defendants may have judgment dismissing the complaint.